**TRANSCONTINENTAL INSURANCE COMPANY Plaintiff,**

v.

**CENTURY STEEL ERECTORS, INC. Defendant.**

**No. CIV.A. 01–2376.**

United States District Court, W.D. Pennsylvania.

March 9, 2004.

William H. Briggs, Jr., Christopher A. Jones, Josh Mooney, Stephanie T. Schmelz, Ross, Dixon & Bell, Washington, DC, Kathleen S. McAllister, DiBella & Geer, Pittsburgh, PA, for Plaintiff.

Kenneth W. Lee, Tucker, Arensberg & Swartz, Harrisburg, PA, for Defendant.

### *MEMORANDUM OPINION*

AMBROSE, District Judge.

This is a diversity case arising out of a retrospective premium insurance policy. Plaintiff Transcontinental Insurance Company ("TIC") seeks to recover the unpaid premium balance on the workers compensation policy it issued to defendant Century Steel Erectors, Inc. ("CSE"). CSE, in turn, has filed a counterclaim alleging that TIC breached the contract, negligently performed the contract, and acted in bad faith. Pending is plaintiff's motion for summary judgment (Doc. No. 24). TIC seeks an order that denies CSE's counterclaims as a matter of law, and further, that awards it $72,390, the amount of the unpaid retrospective premium, plus interest and costs.

Retrospectively-rated insurance policies are structured so that the policyholder pays an initial premium, and then the final premium is adjusted upward or downward based on the actual claims experience. Thus, if the insurer decides to settle a claim during the policy period, the financial impact of that decision may be borne by the policyholder, in the form of a premium adjustment. *See generally Liberty Mutual Fire Ins. Co. v. Corry Indus., Inc.,* 2000 U.S. Dist. LEXIS 11735 *2 (W.D.Pa. March 30, 2000).

### *Factual Background*

In this case, a workers compensation insurance policy is at issue. During the policy period, on June 29, 1999, Ronald Burkarth, an ironworker employed by CSE, was injured on the job. He attempted to return to work, but in July 1999, he was placed on total disability. Burkarth underwent two back surgeries. On May 18, 2000, Burkarth underwent an independent medical examination ("IME") by Dr. William Somerset at TIC's behest. Exhibit 7, Dr. Somerset opined that Burkarth's symptoms were directly related to his work injury and recommended a six-week physical therapy program. Dr. Somerset also opined that Burkharth had not fully recovered and was not ready to return to his job as an ironworker. *Id.* Dr. Somerset then provided a "Return to Work Evaluation," which he referred to as a "physical capacities checklist," to indicate Burkharth's capabilities as of the date of the IME. Dr. Somerset concluded that Burkharth could perform light work. *Id.* CSE informed TIC that it could provide light work for Burkharth on the Heinz Field construction project and demanded that TIC take steps to end his benefits.

Burkharth retained an attorney. On August 16, 2000, TIC and Burkharth settled their case for $100,000, which was within the policy limits. The workers compensation policy at issue states that TIC had "the right to investigate and settle these claims, proceedings or suits." Exhibit 2, Part One, Section C (emphasis added.)

### *Legal Analysis*

■ The parties in this case agree that the language quoted above constitutes a "deems expedient" clause. Plaintiff contends that because it had a right to handle the Burkharth claim within the policy limits in any way it deemed expedient, CSE's claims are barred as a matter of law. De-

fendant argues that because this was a retrospective-premium policy, the general rule regarding "deems expedient" clauses does not apply.

The court concludes that plaintiff is correct. This case is governed by the broad principles set forth by the Court of Appeals for the Third Circuit in *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 68 F.3d 828 (3d Cir.1995). In *Caplan*, the policy at issue contained a "deems expedient" clause. The insurer and the plaintiff then entered into a settlement that caused the defendant/policyholder to lose the right to vindication at trial, the inability to obtain a retraction and the loss of defendant's ability to pursue a malicious prosecution case against the plaintiff. Defendant filed a motion for preliminary injunction to stay the settlement on the grounds that the insurer acted in bad faith and the district court granted the motion.

█ The Court of Appeals reversed. It explained that the discretion given to the insurer by the policy language entitled it to consider such factors as the likelihood of loss, cost of defense and nuisance value. *Id.* at 836–37. With a "deems expedient" clause, an insurer may even settle a suit that presents no valid claim, is fraudulent or is groundless. *Id.*

*Caplan* did not involve a retrospective premium. However, the Court of Appeals did explain that "the insured's complaints of increased insurance premiums, loss of business, and harm to reputation would not support a cause of action under Pennsylvania law against an insurer for bad faith in settling a suit within policy limits." *Id.* at 837. The Court further noted that the policyholder's consent was not required because there was no such provision in the contract. The Court stated:

> if for reasons of professional reputation an insured wishes to control the settlement of cases, policies are available which provide that protection.... It is

not appropriate for us to amend the policy here in order to give [the insured] a type of coverage for which it didn't contract.

*Id.* at 839–40. Similarly, CSE could have contracted for insurance that gave it more control over settlement.

Finally, the Court of Appeals discussed the policy implications of permitting bad faith lawsuits to proceed in these circumstances. The Court observed that bad faith cases primarily involve an insurer's *failure or refusal* to settle cases within policy limits. *Id.* at 837 (emphasis added). The Court recognized the dilemma that insurers would be in if they refused to settle cases simply because the insured opposed it, particularly when the policy had a "deems expedient" clause. *Id.* at 838. The Court indicated that such conduct by an insurer might constitute an unfair insurance practice in violation of the Unfair Insurance Practices Act, 40 P.S. §§ 1171.1 et seq. In summary, the Court of Appeals for the Third Circuit has mandated that a policyholder cannot bring a bad faith claim against an insurer who settles a claim within the policy limits if the policy contains a "deems expedient" clause.

Defendant's efforts to avoid this mandatory precedent are unpersuasive. First, defendant has not identified any material issues of disputed fact. The only relevant facts needed to apply *Caplan* are that the policy contained a "deems expedient" clause, and that TIC settled the claim within policy limits. The court does not reach the issues of TIC's motive or whether TIC's decision to settle the Burkarth claim was reasonable. Defendant's citation to *Corry Industries* is equally flawed. First, there is no indication from the opinion that the policy at issue contained a "deems expedient" clause. Second, that case is not precedential. Defendant's cita-

tions to opinions from other jurisdictions are equally inapplicable. Defendant has not provided any rationale in support of its breach of contract and negligent performance counterclaims.

In accordance with the foregoing, plaintiff's motion for summary judgment (Doc. No. 24) is GRANTED. Judgment shall be entered in favor of plaintiff and against defendant in the amount of $72,390, plus interest and costs. The clerk is directed to mark this case closed.